UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAREL WINSTON and ALMA MARIE WINSTON,

    Plaintiffs,

  v.

EDC ANIMAL SERVICES, et al.,

    Defendants.

No. 2:19-cv-0923 MCE DB PS

FINDINGS AND RECOMMENDATIONS

Plaintiffs Charel Winston and Alma Marie Winston are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant County of El Dorado's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 31.) For the reasons stated below, the undersigned recommends that defendant's motion to dismiss be granted.

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on May 22, 2019, by filing a complaint and paying the required filing fee. (ECF No. 1.) On February 4, 2020, the undersigned dismissed plaintiffs' complaint and granted plaintiffs leave to file an amended complaint. (ECF No. 25.) Plaintiffs filed an amended complaint on March 2, 2020. (ECF No. 26.)

1

Therein plaintiffs allege that they are "(23) years residents of El Dorado County . . . both disabled, elderly women," and "members of the LGBT community" who "enjoyed the company of all kinds of animals and enjoyed training animals[.]" (Am. Compl. (ECF No. 26) at 4.[1]) On May 2, 2019, "El Dorado County Animal Control and the El Dorado Sheriffs Office, illegally raided two homes" belonging to plaintiffs without serving a warrant on plaintiffs. (Id. at 6.) However, "[a]n illegal search warrant was later discovered by Plaintiff, Charel Winston, on the floor of the kitchen in the main house . . . on . . . May 19, 2019." (Id.) "Over 300 healthy, well-cared-for animals were violently and cruelly confiscated, some killed on the spot[.]" (Id.)

This search was a "Coup de Main invasion on tribal sovereign land[.]" (Id. at 10.) In this regard the "United States Government . . . has NO JURISDICTION related to any living American yet contrives to create and enforce the Lion's Share of false claims in commerce[.]" (Id.) When plaintiff's disabled 89-year old mother was seized plaintiff "became unconscious and collapsed on the floor of her home[.]" (Id. at 7.) "Plaintiff NEVER said that she 'crushed veterinary antibiotics and put them into (her mother's) feeding tube,' which she was later falsely accused of saying." (Id.) "County Animal Services Officials would later agree . . . to return some of the animals without upfront payment in exchange for Plaintiff's admission of guilt." (Id. at 8.)

During the past 23 years plaintiffs "have been harassed and discriminated against by El Dorado County Animal Services in collusion with other El Dorado County agencies and the courts[.]" (Id.) This harassment includes "but not limited to, the 2013 illegal search and seizure signed by recused Judge Phimister and the adjudicated 2018 civil action against Plaintiffs for operating a kennel without a Non-Commercial Kennel License." (Id.)

Pursuant to these allegations the amended complaint alleges claims for violation of due process, illegal taking, discrimination based on sexual orientation, violation of the Americans with Disabilities Act, and several state law causes of action against the El Dorado County Sheriff's Office and the El Dorado County Animal Services. (Id. at 3, 11-19.)

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

The El Dorado County Superior Court, which was named as a defendant in the original complaint, filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on March 16, 2020. (ECF No. 30.) Defendant County of El Dorado filed a motion to dismiss pursuant to Rule 12(b)(6) on March 16, 2020. (ECF No. 31.) Plaintiffs filed an opposition on May 28, 2020, to defendant County of El Dorado's Motion to dismiss.[2] (ECF No. 36.) That same day plaintiffs and the El Dorado County Superior Court filed a signed stipulation of dismissal with prejudice as to the El Dorado County Superior Court pursuant to Rule 41 of the Federal Rules of Civil Procedure.[3] (ECF No. 37.) Defendant County of El Dorado filed a reply on June 19, 2020. (ECF No. 40.)

## STANDARDS

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[2] Plaintiffs' opposition states that the "ADA Claim was re-included in error," and that plaintiffs do "not oppose the dismissal of the ADA Claim only." (Pls.' Opp.'n (ECF No. 36) at 7.)

[3] On June 19, 2020, the El Dorado County Superior Court filed a document stating that an attempt to obtain permission from plaintiffs to file a proposed order with plaintiffs' electronic signatures was unsuccessful. (ECF No. 40 at 1.) Regardless, as a result of the signed stipulation, the El Dorado County Superior Court has been dismissed from this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. Moreover, plaintiffs did not name the El Dorado County Superior Court as a defendant in the amended complaint. And in their opposition to defendant El Dorado County's motion to dismiss, plaintiffs "make exceedingly clear" that the amended complaint "is only directed to two (2) defendants, the El Dorado County Animal Services and El Dorado County Sheriff's Office." (Pls.' Opp.'n (ECF No. 36) at 2.)

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

**I.  Defendant's Motion to Dismiss**

Review of plaintiffs' amended complaint and defendant County of El Dorado's motions to dismiss finds that the amended complaint's federal claims should be dismissed for the following reasons.

////

////

4

### A. Failure to State A Claim

"In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc). In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

Thus, municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

To sufficiently plead a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the amended complaint simply alleges that "the County" has "a policy of discriminating against Plaintiffs in the application of County Animal Codes and Regulations[.]" (Am. Compl. (ECF No. 26) at 10.) The amended complaint, however, does not provide any

////

further specificity as to this alleged policy.  Nor does the amended complaint allege any other elements necessary to state a Monell claim.

**B.     Heck Bar**

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a plaintiff may not prevail on § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487.  Thus, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence[.]" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951).

Here, the amended complaint alleges that this action is brought "to obtain an appropriate remedy for Defendant's unlawful entry and taking of Plaintiffs' . . . specially trained ADA Service Animals in the absence of due process and in violation of federal laws for discrimination[.]" (Am. Compl. (ECF No. 26) at 2.)  Defendant, however, seeks judicial notice of several documents filed in state court.[4]  (Def.'s RJN (ECF 32) at 1-6.)  Those documents reflect that on January 7, 2020, plaintiff Alma Winston pled guilty to five counts of animal cruelty and one count of felony elder abuse.  (Def.'s Ex. 6 (ECF No. 33) at 78-84.)  That same day plaintiff

---

[4] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

1 Charel Winston pled guilty to five counts of felony animal cruelty and one count of grand theft.

2 (Def.'s Ex. 7 (ECF No. 33) at 86-92.)

3 In this regard, to the extent plaintiffs are challenging their arrest, prosecution, and/or

4 conviction those claims are barred by Heck. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir.

5 2006) ("Wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to

6 bring false charges against Guerrero could not have occurred unless he were innocent of the

7 crimes for which he was convicted."); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th

8 Cir. 1998) ("finding there was no probable cause would 'necessarily imply' that Cabrera's

9 conviction for disturbing the peace was invalid").[5]

10 **II.    Leave to Amend**

11 For the reasons stated above, the amended complaint's federal claims should be

12 dismissed.  The undersigned has carefully considered whether plaintiffs could further amend the

13 complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to

14 amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.

15 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake

16 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

17 while leave to amend shall be freely given, the court does not have to allow futile amendments).

18 Here, the undersigned previously advised plaintiffs of the defects noted above and granted

19 plaintiffs leave to amend. (ECF No. 25.)  Plaintiffs, however, were unable to successfully amend

20 the complaint. Moreover, plaintiffs' opposition to the motion to dismiss incorrectly asserts that

21 "Monell cannot be the basis of dismissal" because plaintiffs "are asserting claims for violation of

22 their rights as to the 'two of them[.]'" (Pls.' Opp.'n (ECF No. 36) at 4-5.)  Accordingly, the

23 undersigned finds that granting plaintiffs further leave to amend their federal claims would be

24 futile.

25 ////

---

[5] Because plaintiffs' conviction was the result of a plea and not a trial, Heck would not necessarily bar plaintiffs from challenging the legality of the search of their home. See Lockett v. Ericson, 656 F.3d 892, 897 (9th Cir. 2011).  However, as noted above, the amended complaint fails to state such a claim.

7

**III.  Supplemental Jurisdiction**

If these findings and recommendations are adopted the court will dismiss the federal claims over which it has original jurisdiction and only state law claims will remain.  Defendant asks that the court decline to exercise supplemental jurisdiction over these state law claims.  (Def.'s MTD (ECF No. 31-1) at 25.)

A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity.  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).  In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'"  Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)); see also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Of course, "primary responsibility for developing and applying state law rests with the state courts."  Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).  Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction.  Therefore, the undersigned will also recommend that the assigned District Judge decline to exercise supplemental jurisdiction over the amended complaint's state law claims.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's March 16, 2020 motion to dismiss (ECF No. 31) be granted in part;

2. The amended complaint's causes of action based on federal law be dismissed without further leave to amend;

////

3. The court decline to exercise supplemental jurisdiction over the amended complaint's state law causes of action;

4. The amended complaint's state law claims be dismissed without prejudice; and

5. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 6, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\winston0923.mtd.f&rs